## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**MICHAELENE BRIGHT,**

  **Plaintiff,**

**v.**                                      **CASE NO:**

**WASTE CONNECTIONS OF FLORIDA, INC.**

  **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHAELENE BRIGHT, (hereinafter "Plaintiff" or "Ms. Bright"), a Florida resident, by and through the undersigned counsel, hereby sues Defendant, WASTE CONNECTIONS OF FLORIDA, INC. (hereinafter "Defendant," "WC," or "Company") and alleges:

## INTRODUCTION

1.     The Plaintiff brings this action against Defendant, her former employer, seeking to recover damages for unlawful discrimination based on disability, age, gender, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and its implementing Regulations; Chapter 760 of the Florida Statutes, the Florida

Civil Rights Act of 1992, as amended, § 760.10 et seq. ("FCRA"), and the Age Discrimination in Employment Act (ADEA).

2.      As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated against her, altered the terms, conditions, and privileges of her employment because of her disability, age, and gender, and retaliated against her in violation of her rights under Title VII, the FCRA, the ADEA.

3.      As a direct and proximate result of unlawful actions, Plaintiff has suffered actual damages: loss of income, loss of opportunity for future income, loss of benefits, and loss of future pay increases. In addition, she has suffered and continues to suffer loss of her professional and personal reputation, emotional distress, mental anguish, embarrassment, and humiliation.

4.      Plaintiff has incurred costs and attorney's fees in bringing this matter.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367(a) and

the principles of pendent jurisdiction.

6.     This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7.     Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this District and Division. All facts and circumstances arising from this dispute took place in Pinellas County, Florida.

## PARTIES

8.     Plaintiff is a 56-year-old female that has been diagnosed with Cutaneous lupus erythematosus (CLE). CLE is an uncurable chronic autoimmune disease affecting skin condition, resulting in sores with inflammation and scarring favoring the face, ears, and scalp and at times on other body areas. CLE is oftentimes a precursor or indicator of Systemic Lupus Erythematosus (SLE) or Lupus Nephritis (kidney failure) which can

lead to organ systems of the body failing, hardening of the arteries, inflammation of the nervous system, CLE, as with other forms of Lupus, is aggravated by stress.

9.    Plaintiff is a member of a class protected against discrimination and retaliation based on her disability, age, and gender under Title VII, the FCRA, the ADEA.

10.    During the period from March 19, 2018, until August 4, 2021, Defendant employed Plaintiff.

11.    At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable federal and state statutes.

12.    At all times material herein, Plaintiff was an employee entitled to protection as defined by Title VII, the FCRA, the ADEA.

13.    The Defendant is WASTE CONNECTIONS OF FLORIDA, INC. is a Foreign Profit Corporation with a principal place of business located at 3 Waterway Square Pl, Suite 110, The Woodlands, Texas 77380.

14.    At all times material herein, Defendant regularly conducted, and continues to conduct, business throughout Pinellas County, Florida.

15.    At all times material herein, Defendant met, and continues to

meet, the definitions of "employer" under all applicable federal and state statutes including, but not limited to, Title VII, the FCRA, the ADEA.

16.     Accordingly, Defendant is liable under Title VII, the FCRA, and ADEA for the unlawful discrimination and retaliation to which it subjected Plaintiff.

## ADMINISTRATIVE PREREQUISITES

17.     Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

18.     On October 1, 2021, Plaintiff timely dual filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant alleging, among other things, gender and age discrimination, and retaliation. A true and accurate copy of Plaintiff's Charge of Discrimination, dated October 1, 2021, is attached hereto, and incorporated herein as **Exhibit "A."**

19.     On April 20, 2022, Plaintiff amended her Charge of Discrimination to include allegations of disability discrimination. A true and accurate copy of Plaintiff's Amended Charge of Discrimination, dated April 20, 2022, is attached hereto, and incorporated herein as **Exhibit "B."**

20.    On April 25, 2022, the EEOC issued Plaintiff a Notice of Right to Sue in reference to her Charge of Discrimination (EEOC Charge No. 511-2022-00031) against Defendant. A true and accurate copy of the EEOC's Notice of Right to Sue, dated April 25, 2022, is attached hereto, and incorporated herein as **Exhibit "C."**

21.    More than one hundred eighty (180) days have elapsed since the filing of Plaintiff's Charge of Discrimination and the FCHR has not conciliated or determined whether there is reasonable cause. Therefore, Plaintiff is also entitled to bring her FCRA claims in the instant civil action against Defendant and jurisdiction is proper in this Court. See §§ 760.11(4)(a) and 760.11(8), Florida Statutes.

22.    All conditions precedent to bringing this action have been performed or have occurred.

## GENERAL ALLEGATIONS

23.    Ms. Bright began her employment with WC on March 19, 2018, as an Outside Sales Representative. In this position, Ms. Bright was responsible for identifying and securing new business for WC.

24.    At the start of her employment, Ms. Bright worked as an Outside Sales Representative at WC's Pasco office.

25.     Ms. Bright very quickly rose to the position of Territory Manager in WC's Pinellas County Office.

26.     When Ms. Bright transferred to Pinellas from Pasco the environment and culture were starkly different. Ms. Bright was surprised to be met by immediate antagonism from some long-time employees.

27.     Ms. Bright was subjected to bullying, acts of attempted degradation, intimidation, lack of confidentiality, disrespect, and overall undue hardship. Ms. Bright's experience was not at all in line with WC's values of integrity and being a great place to work.

28.     Ms. Bright addressed the hostile work environment at nauseum with her manager, Shari Rheuble and nothing ever changed. The longer Ms. Bright worked in the Pinellas Office the more she saw that restrictions were being placed on her deals and access to sell lines of business that did not appear to apply to any younger female associates or male associates.

29.     WC consistently made exceptions and altered rules for younger reps to qualify for Chairman's club. These, younger reps were being provided more opportunities and additional lines of business to increase their sales territories and commission opportunities while Ms. Bright's were being constricted.

30.     On March 1, 2020, Florida officially reported its first two COVID-19 cases, in Manatee and Hillsborough counties. In response, Governor Ron DeSantis then declared a public health emergency.

31.     On April 1, 2020, Governor DeSantis issued an executive order to restrict activities within the state to those deemed as essential services.

32.     As a person suffering with CLE, the threat of Covid became very alarming to Ms. Bright, so she informed Ms. Rheuble of her CLE diagnosis to let Ms. Rheuble know that her CLE placed her in a higher risk category regarding Covid due to the Plaquenil she takes to manage her CLE.

33.     Following the disclosure of her disability (CLE), the disparaging treatment Ms. Bright had already been subjected to seemed to increase with the additional disability discrimination.

34.     On July 22, 2021, Ms. Bright filed a formal written grievance with WC's Executive Chairman, Ron Mittelstaedt, and Regional Vice President, Rob Nielsen to let them know that she was being deliberately discriminated against, harassed, and actively and systematically restricted from performing her job duties, costing her income and future opportunities. Additionally, Ms. Bright let Mr. Mittelstaedt and Mr. Nielsen know that this discriminatory behavior was costing WC valuable revenue.

35.    On July 29, 2021, Ms. Bright received an email from Ms. Rheuble at 5:20 p.m. asking, "How [are] you doing lately?" Ms. Bright replied to Ms. Rheuble with a general summary of her work-related tasks and events that were currently causing issues but did not mention her formal grievance as she hoped Mr. Mittelstaedt and Mr. Nielsen would handle her formal grievance directly.

36.    On July 30, 2021, Ms. Rheuble replied to Ms. Bright's email stating, "I will review this with the management team and HR for guidance."

37.    Following her formal grievance, WC engaged in a campaign of retaliation by attempting to terminate Ms. Bright's employment or alternatively compel her resignation. Specifically, Ms. Bright was invited to a meeting on August 3, 2021, with WC's District Manager, Patrick Rzeszut, and Ms. Rheuble under the false premise that it was a meeting to discuss her allegations with the hopes of resolving them and moving forward. Instead, it became abundantly clear, after Ms. Bright's computer access and phone were disabled, that this was a meeting intended to terminate her employment or alternatively compel her resignation.

38.    When Ms. Bright joined the meeting telephonically and communicated her discomfort in proceeding with the meeting without

consulting legal counsel, Ms. Bright was asked twice whether she was resigning her employment, to which Ms. Bright adamantly responded twice, "NO! I am not resigning my employment."

39.    Following her refusal to resign, Mr. Rzeszut told Ms. Bright to let them know when she had legal representation and ended the call.

40.    On August 5, 2021, Ms. Bright emailed Ms. Rheuble and WC's HR Generalist, Erica Rios, to let them know that she was still locked out of all her systems and was unable to perform her work duties.

41.    Unfortunately, Ms. Bright never heard anything until August 10, 2021, when she received an email from WC's Director of HR, David Parrish, stating that her employment had been terminated retroactively to August 4, 2021, Ms. Bright's fifty-sixth birthday, due to an investigation into her formal grievance that showed them that she engaged in breaches of WC's policies and agreements.

42.    The company's suggestion that Ms. Bright's termination was appropriate due to a breach of WC's policies and agreements based upon email transfers lends further legal efficacy to her claims.

43.    Regarding the emails Ms. Bright forwarded to her personal accounts, a review of those emails will demonstrate that they contain

information regarding the discriminatory and hostile work environment Ms. Bright endured. Additionally, the emails included information regarding the policy violations Ms. Bright observed from local management, which she described in more detail in her July 22, 2021, formal grievance sent to the Regional Vice President, Rob Nielsen, and Executive Chairman Ron Mittelstaedt. Ms. Bright intended to utilize this information to support her claim by sharing the emails with Mr. Mittelstaedt and Mr. Nielsen directly as she feared retaliation by local management.

44.     Ms. Bright's claims of discrimination and retaliation constitute protected activity under federal and state discrimination laws, and her activities in gathering information in support of these claims are also protected activity-especially where there is absolutely no evidence that she utilized this information for any other purpose or shared it with any third parties.

45.     Accordingly, this case continues to present a substantial claim for unlawful retaliation and the associated damages attendant to such a claim including all lost wages and benefits, compensatory and punitive damages, attorney's fees, and costs.

## COUNT I
## VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT
### Disability Discrimination

46.     Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 45 of this Complaint as though fully set forth herein.

47.     Plaintiff is a 56-year-old female that has been diagnosed with Cutaneous lupus erythematosus (CLE). CLE is an uncurable chronic autoimmune disease affecting skin condition, resulting in sores with inflammation and scarring favoring the face, ears, and scalp and at times on other body areas. CLE is oftentimes a precursor or indicator of Systemic Lupus Erythematosus (SLE) or Lupus Nephritis (kidney failure) which can lead to organ systems of the body failing, hardening of the arteries, inflammation of the nervous system, CLE, as with other forms of Lupus, is aggravated by stress.

48.     At all times material herein, Defendant employed Plaintiff and Defendant was an "employer" within the meaning of Title VII.

49.     At all times material herein, Defendant employed, and continues to employ, one hundred (100) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding

calendar year. As such, at all times material herein, Defendant was and is an "employer" within the meaning of Title VII. 42 U.S.C. § 2000e(b).

50.     Moreover, Defendant is a "person" within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(a). Defendant is a "person" within the meaning of 42 U.S.C. § 2000e(a) in that, the definition "includes one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under title 11, or receivers." 42 U.S.C. § 2000e(a).

51.     At all times material herein, Defendant employed Plaintiff.

52.     At all times material herein, Plaintiff's supervisor Shari Rheuble harassed and discriminated against Plaintiff because of her disability (CLE).

53.     Defendant, as Plaintiff's employer, was obligated to guard against the harassment of Plaintiff by her co-workers, supervisors, managers, and other persons and to protect Plaintiff from harassment in the workplace.

54.     However, Plaintiff, was subjected to a hostile work environment because of her disability through disparate treatment, demeaning comments

and behavior, and other discriminatory treatment by Defendant and its employees, supervisors, managers, and other agents, including but not limited to Ms. Rheuble, as more particularly alleged hereinabove.

55.    Plaintiff believed that Ms. Rheuble's offensive acts and statements materially altered the terms and conditions of her employment. Further, a reasonable person would have found that Ms. Rheuble's offensive acts and statements materially altered the terms and conditions of Plaintiff's employment.

56.    Plaintiff did not welcome the offensive statements, acts, harassment, disparate treatment and did not directly or indirectly invite or solicit them by her own acts or statements.

57.    At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, about Ms. Rheuble's harassment of Plaintiff, but did not take prompt remedial action to eliminate the hostile work environment.

58.    Defendant violated Title VII by subjecting Plaintiff to harassment because of her disability by failing to promptly correct Ms. Rheuble's harassment once it learned of it.

59.    Further, Defendant failed to prevent and promptly correct this

illegal workplace harassment. Defendant's supervisors, managers, and Human Resources personnel who learned about the objectionable workplace conduct and harassment of Plaintiff by Ms. Rheuble failed to promptly take steps to correct the conduct of Ms. Rheuble who, like Plaintiff, was under their supervision, management, and control.

60.    Instead, as more particularly alleged hereinabove, Defendant's personnel further perpetuated the discrimination and hostile work environment by terminating Plaintiff's employment on August 4, 2021.

61.    The conduct of Defendant, by and through its employees, supervisors, managers, and agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the harassment, discrimination, and disparate treatment of Plaintiff, deprived her of statutory rights under Title VII.

62.    Defendant's actions constitute discrimination and retaliation in violation of Title VII.

63.    As a direct, proximate and foreseeable result of Defendant's aforementioned actions, inactions, and violations of Title VII, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and

benefits, past and future; (b) lost earning capacity; and (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, emotional distress, humiliation, loss of dignity, loss of the capacity for the enjoyment of life, irreparable damages to her family and relationships, and other nonpecuniary losses and intangible injuries.

WHEREFORE, the Plaintiff, MICHAELENE BRIGHT, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, WASTE CONNECTIONS OF FLORIDA, INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.     Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII of the Civil Rights Act, as amended, and its implementing Regulations, discriminating against Plaintiff based on her disability;

B.     Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the discrimination to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the hostile work environment and

discrimination he has endured;

C.    Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of her injuries and damages caused by Defendant's discriminatory conduct and actions pursuant to Title VII;

D.    Award Plaintiff all other damages available under Title VII, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under Title VII, according to proof;

E.    Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.    Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT II
## VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT
### Gender Discrimination

64.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 45 of this

Complaint as though fully set forth herein.

65.    Plaintiff is a 56-year-old female.

66.    At all times material herein, Defendant employed Plaintiff and Defendant was an "employer" within the meaning of Title VII.

67.    At all times material herein, Defendant employed, and continues to employ, one hundred (100) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year. As such, at all times material herein, Defendant was and is an "employer" within the meaning of Title VII. 42 U.S.C. § 2000e(b).

68.    Moreover, Defendant is a "person" within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(a). Defendant is a "person" within the meaning of 42 U.S.C. § 2000e(a) in that, the definition "includes one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under title 11, or receivers." 42 U.S.C. § 2000e(a).

69.    At all times material herein, Defendant employed Plaintiff.

70.    At all times material herein, Plaintiff's supervisor Shari Rheuble

harassed and discriminated against Plaintiff because of her gender.

71.    Defendant, as Plaintiff's employer, was obligated to guard against the harassment of Plaintiff by her co-workers, supervisors, managers, and other persons and to protect Plaintiff from harassment in the workplace.

72.    However, Plaintiff, was subjected to a hostile work environment because of her gender through disparate treatment, demeaning comments and behavior, and other discriminatory treatment by Defendant and its employees, supervisors, managers, and other agents, including but not limited to Ms. Rheuble, as more particularly alleged hereinabove.

73.    Plaintiff believed that Ms. Rheuble's offensive acts and statements materially altered the terms and conditions of her employment. Further, a reasonable person would have found that Ms. Rheuble's offensive acts and statements materially altered the terms and conditions of Plaintiff's employment.

74.    Plaintiff did not welcome the offensive statements, acts, harassment, disparate treatment and did not directly or indirectly invite or solicit them by her own acts or statements.

75.    At all times material herein, Defendant knew, or in the exercise

of reasonable care should have known, about Ms. Rheuble's harassment of Plaintiff, but did not take prompt remedial action to eliminate the hostile work environment.

76.    Defendant violated Title VII by subjecting Plaintiff to harassment because of her gender by failing to promptly correct Ms. Rheuble's harassment once it learned of it.

77.    Further, Defendant failed to prevent and promptly correct this illegal workplace harassment. Defendant's supervisors, managers, and Human Resources personnel who learned about the objectionable workplace conduct and harassment of Plaintiff by Ms. Rheuble failed to promptly take steps to correct the conduct of Ms. Rheuble who, like Plaintiff, was under their supervision, management, and control.

78.    Instead, as more particularly alleged hereinabove, Defendant's personnel further perpetuated the discrimination and hostile work environment by terminating Plaintiff's employment on August 4, 2021.

79.    The conduct of Defendant, by and through its employees, supervisors, managers, and agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the harassment, discrimination, and

disparate treatment of Plaintiff, deprived her of statutory rights under Title VII.

80.    Defendant's actions constitute discrimination and retaliation in violation of Title VII.

81.    As a direct, proximate and foreseeable result of Defendant's aforementioned actions, inactions, and violations of Title VII, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; and (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, emotional distress, humiliation, loss of dignity, loss of the capacity for the enjoyment of life, irreparable damages to her family and relationships, and other nonpecuniary losses and intangible injuries.

WHEREFORE, the Plaintiff, MICHAELENE BRIGHT, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, WASTE CONNECTIONS OF FLORIDA, INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII of the Civil Rights Act, as amended, and its implementing Regulations, discriminating against Plaintiff based on

her gender;

B.      Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the discrimination to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the hostile work environment and discrimination he has endured;

C.      Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of her injuries and damages caused by Defendant's discriminatory conduct and actions pursuant to Title VII;

D.      Award Plaintiff all other damages available under Title VII, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under Title VII, according to proof;

E.      Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.      Award Plaintiff her attorneys' fees, reasonable expert witness

fees, and the costs of this action; and

G.     Grant such other and further relief as this Court may deem equitable, just, and proper.

<h2 style="text-align:center">COUNT III<br>AGE DISCRIMINATION IN VIOLATION OF ADEA</h2>

82.     Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 45 of this Complaint as though fully set forth herein.

83.     Plaintiff's age was a determining factor in Defendant's decision to terminate her.

84.     Defendant knowingly and willfully discriminated against Plaintiff based on her age in violation of the ADEA.

85.     As a direct and proximate result of Defendant's conduct described herein, Plaintiff has suffered from a loss of income and benefits for all of which she should be compensated.

WHEREFORE, Plaintiff, MICHAELENE BRIGHT, demands judgment against Defendant and requests the following relief:

A.     Back pay;

B.     Front pay;

C.     Liquidated damages pursuant to 29 U.S.C. § 626(b);

D.     Attorney's fees and costs; and

E.     Other such relief as may be appropriate to effectuate the
purposes of the ADEA.

<u>COUNT IV</u>
**VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT**
**Retaliation**

86.     Plaintiff alleges, realleges, and incorporates by reference all
allegations set forth in each of the preceding Paragraphs 1 through 45 of this
Complaint as though fully set forth herein.

87.     Plaintiff is a 56-year-old female that has been diagnosed with
Cutaneous lupus erythematosus (CLE). CLE is an uncurable chronic
autoimmune disease affecting skin condition, resulting in sores with
inflammation and scarring favoring the face, ears, and scalp and at times on
other body areas. CLE is oftentimes a precursor or indicator of Systemic
Lupus Erythematosus (SLE) or Lupus Nephritis (kidney failure) which can
lead to organ systems of the body failing, hardening of the arteries,
inflammation of the nervous system, CLE, as with other forms of Lupus, is
aggravated by stress.

88.     At all times material herein, Defendant employed Plaintiff and

Defendant was an "employer" within the meaning of Title VII.

89.    At all times material herein, Defendant employed, and continues to employ, one hundred (100) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year. As such, at all times material herein, Defendant was and is an "employer" within the meaning of Title VII. 42 U.S.C. § 2000e(b).

90.    Moreover, Defendant is a "person" within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(a). Defendant is a "person" within the meaning of 42 U.S.C. § 2000e(a) in that, the definition "includes one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under title 11, or receivers." 42 U.S.C. § 2000e(a).

91.    At all times material herein, Defendant employed Plaintiff.

92.    Defendant subjected Plaintiff to adverse employment actions in retaliation for filing a formal grievance regarding discrimination and harassment which included actively and systematically restricting her from performing her job duties, costing her income and future opportunities, and

eventually terminating her employment.

93.    The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful retaliation.

94.    As her employer, Defendant was obligated to guard against the harassment, disparate treatment, discrimination, and retaliation of Plaintiff by her co-workers, supervisors, managers, and other agents of Defendant and to protect Plaintiff from harassment and discrimination in the workplace.

95.    Defendant violated Title VII by, among other things, failing to promptly correct the harassment, disparate treatment, discriminatory and retaliatory conduct toward Plaintiff once it learned of it.

96.    Plaintiff, by being subjected to this harassment, disparate treatment, discrimination, retaliation, and a hostile work environment created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

97.    The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative

and remedial action to prevent the harassment, disparate treatment, discrimination, and retaliation of Plaintiff, deprived her of statutory rights under Title VII.

98.    As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

WHEREFORE, the Plaintiff, MICHAELENE BRIGHT, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, WASTE CONNECTIONS OF FLORIDA, INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII of the Civil Rights Act, as amended, and its implementing Regulations, by retaliating against Plaintiff based on her complaints regarding discrimination;

B.      Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the retaliation to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the hostile work environment and retaliation she has endured;

C.      Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of her injuries and damages caused by Defendant's retaliatory conduct and actions pursuant to Title VII;

D.      Award Plaintiff all other damages available under Title VII, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under Title VII, according to proof;

E.      Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.      Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem

equitable, just, and proper.

**COUNT V**
**VIOLATION OF FLORIDA CIVIL RIGHTS ACT,**
**FLORIDA STATUTES §§ 760.01-11**
**Disability Discrimination**

99.    Plaintiff alleges, realleges, and incorporates by reference all

allegations set forth in each of the preceding Paragraphs 1 through 45 of this

Complaint as though fully set forth herein.

100.    Plaintiff is a 56-year-old female that has been diagnosed with

Cutaneous lupus erythematosus (CLE). CLE is an uncurable chronic

autoimmune disease affecting skin condition, resulting in sores with

inflammation and scarring favoring the face, ears, and scalp and at times on

other body areas. CLE is oftentimes a precursor or indicator of Systemic

Lupus Erythematosus (SLE) or Lupus Nephritis (kidney failure) which can

lead to organ systems of the body failing, hardening of the arteries,

inflammation of the nervous system, CLE, as with other forms of Lupus, is

aggravated by stress.

101.    At all times material herein, Defendant employed Plaintiff and

Defendant was and is an "employer" within the meaning of the FCRA.

102.   Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes, in that the definition includes "an individual, association, corporation, joint apprenticeship committee, joint-stock company, labor union, legal representative, mutual company, partnership, receiver, trust, trustee in bankruptcy, or unincorporated organization; any other legal or commercial entity; the state; or any governmental entity or agency." § 760.02(6), Florida Statutes.

103.   At all times material herein, Defendant was and is an "employer" within the meaning of the FCRA. § 760.02(7), Florida Statutes.

104.   At all times material herein, Plaintiff's supervisor Shari Rheuble harassed and discriminated against Plaintiff because of her disability (CLE).

105.   Defendant, as Plaintiff's employer, was obligated to guard against the harassment of Plaintiff by her co-workers, supervisors, managers, and other persons and to protect Plaintiff from harassment in the workplace.

106.   However, Plaintiff, was subjected to a hostile work environment because of her disability through disparate treatment, demeaning comments and behavior, and other discriminatory treatment by Defendant and its employees, supervisors, managers, and other agents, including but not

limited to Ms. Rheuble, as more particularly alleged hereinabove.

107.   Plaintiff believed that Ms. Rheuble's offensive acts and statements materially altered the terms and conditions of her employment. Further, a reasonable person would have found that Ms. Rheuble's offensive acts and statements materially altered the terms and conditions of Plaintiff's employment.

108.   Plaintiff did not welcome the offensive statements, acts, harassment, disparate treatment and did not directly or indirectly invite or solicit them by her own acts or statements.

109.   At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, about Ms. Rheuble's harassment of Plaintiff, but did not take prompt remedial action to eliminate the hostile work environment.

110.   Defendant violated the FCRA by, among other things, failing to promptly correct the harassment, disparate treatment, and discriminatory conduct toward Plaintiff once it learned of it and by subjecting Plaintiff to harassment, disparate treatment, and a hostile work environment because of her disability.

111.   Plaintiff, by being subjected to this harassment, disparate

treatment, discrimination, and a hostile work environment created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

112.   The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the harassment, disparate treatment, and discrimination of Plaintiff, deprived her of statutory rights under the FCRA.

113.   As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

WHEREFORE, the Plaintiff, MICHAELENE BRIGHT, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, WASTE CONNECTIONS OF FLORIDA, INC., and in favor of

Plaintiff, and respectfully requests that this Court grant the following relief:

A.      Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on her disability;

B.      Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of Defendant's discrimination against her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.      Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.      Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.     Award Plaintiff pre- and post-judgment interest;

F.     Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.     Grant such other and further relief as this Court may deem equitable, just, and proper.

**COUNT VI**
**VIOLATION OF FLORIDA CIVIL RIGHTS ACT,**
**FLORIDA STATUTES §§ 760.01-11**
**Gender Discrimination**

114.   Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 45 of this Complaint as though fully set forth herein.

115.   Plaintiff is a 56-year-old female.

116.   At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

117.   Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes, in that the definition includes "an individual, association, corporation, joint apprenticeship committee, joint-stock company, labor union, legal representative, mutual company, partnership, receiver, trust, trustee in bankruptcy, or unincorporated organization; any

other legal or commercial entity; the state; or any governmental entity or agency." § 760.02(6), Florida Statutes.

118. At all times material herein, Defendant was and is an "employer" within the meaning of the FCRA. § 760.02(7), Florida Statutes.

119. At all times material herein, Plaintiff's supervisor Shari Rheuble harassed and discriminated against Plaintiff because of her gender.

120. Defendant, as Plaintiff's employer, was obligated to guard against the harassment of Plaintiff by her co-workers, supervisors, managers, and other persons and to protect Plaintiff from harassment in the workplace.

121. However, Plaintiff, was subjected to a hostile work environment because of her gender through disparate treatment, demeaning comments and behavior, and other discriminatory treatment by Defendant and its employees, supervisors, managers, and other agents, including but not limited to Ms. Rheuble, as more particularly alleged hereinabove.

122. Plaintiff believed that Ms. Rheuble's offensive acts and statements materially altered the terms and conditions of her employment. Further, a reasonable person would have found that Ms. Rheuble's offensive acts and statements materially altered the terms and conditions of Plaintiff's

employment.

123.   Plaintiff did not welcome the offensive statements, acts, harassment, disparate treatment and did not directly or indirectly invite or solicit them by her own acts or statements.

124.   At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, about Ms. Rheuble's harassment of Plaintiff, but did not take prompt remedial action to eliminate the hostile work environment.

125.   Defendant violated the FCRA by, among other things, failing to promptly correct the harassment, disparate treatment, and discriminatory conduct toward Plaintiff once it learned of it and by subjecting Plaintiff to harassment, disparate treatment, and a hostile work environment because of her gender.

126.   Plaintiff, by being subjected to this harassment, disparate treatment, discrimination, and a hostile work environment created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

127.   The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise

reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the harassment, disparate treatment, and discrimination of Plaintiff, deprived her of statutory rights under the FCRA.

128.   As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

WHEREFORE, the Plaintiff, MICHAELENE BRIGHT, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, WASTE CONNECTIONS OF FLORIDA, INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.   Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on her gender;

B.   Award sufficient remedial relief to make Plaintiff whole for the

individual loss that he has suffered because of Defendant's discrimination against her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.    Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.    Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.    Award Plaintiff pre- and post-judgment interest;

F.    Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT VII
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT,
## FLORIDA STATUTES §§ 760.01-11
## Age Discrimination

129.   Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 45 of this Complaint as though fully set forth herein.

130.   Plaintiff is a 56-year-old female.

131.   At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

132.   Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes, in that the definition includes "an individual, association, corporation, joint apprenticeship committee, joint-stock company, labor union, legal representative, mutual company, partnership, receiver, trust, trustee in bankruptcy, or unincorporated organization; any other legal or commercial entity; the state; or any governmental entity or agency." § 760.02(6), Florida Statutes.

133.   At all times material herein, Defendant was and is an "employer" within the meaning of the FCRA. § 760.02(7), Florida Statutes.

134.   At all times material herein, Plaintiff's supervisor Shari Rheuble

harassed and discriminated against Plaintiff because of her age.

135.   Defendant, as Plaintiff's employer, was obligated to guard against the harassment of Plaintiff by her co-workers, supervisors, managers, and other persons and to protect Plaintiff from harassment in the workplace.

136.   However, Plaintiff, was subjected to a hostile work environment because of her age through disparate treatment, demeaning comments and behavior, and other discriminatory treatment by Defendant and its employees, supervisors, managers, and other agents, including but not limited to Ms. Rheuble, as more particularly alleged hereinabove.

137.   Plaintiff believed that Ms. Rheuble's offensive acts and statements materially altered the terms and conditions of her employment. Further, a reasonable person would have found that Ms. Rheuble's offensive acts and statements materially altered the terms and conditions of Plaintiff's employment.

138.   Plaintiff did not welcome the offensive statements, acts, harassment, disparate treatment and did not directly or indirectly invite or solicit them by her own acts or statements.

139.   At all times material herein, Defendant knew, or in the exercise

of reasonable care should have known, about Ms. Rheuble's harassment of Plaintiff, but did not take prompt remedial action to eliminate the hostile work environment.

140.   Defendant violated the FCRA by, among other things, failing to promptly correct the harassment, disparate treatment, and discriminatory conduct toward Plaintiff once it learned of it and by subjecting Plaintiff to harassment, disparate treatment, and a hostile work environment because of her age.

141.   Plaintiff, by being subjected to this harassment, disparate treatment, discrimination, and a hostile work environment created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

142.   The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the harassment, disparate treatment, and discrimination of Plaintiff, deprived her of statutory rights under the FCRA.

143.   As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to

suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

WHEREFORE, the Plaintiff, MICHAELENE BRIGHT, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, WASTE CONNECTIONS OF FLORIDA, INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.      Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on her age;

B.      Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of Defendant's discrimination against her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.      Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.      Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.      Award Plaintiff pre- and post-judgment interest;

F.      Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.      Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT VIII
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT,
## FLORIDA STATUTES §§ 760.01-11
## Retaliation

144.   Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 45 of this

Complaint as though fully set forth herein.

145.   Plaintiff is a 56-year-old female that has been diagnosed with Cutaneous lupus erythematosus (CLE). CLE is an uncurable chronic autoimmune disease affecting skin condition, resulting in sores with inflammation and scarring favoring the face, ears, and scalp and at times on other body areas. CLE is oftentimes a precursor or indicator of Systemic Lupus Erythematosus (SLE) or Lupus Nephritis (kidney failure) which can lead to organ systems of the body failing, hardening of the arteries, inflammation of the nervous system, CLE, as with other forms of Lupus, is aggravated by stress.

146.   At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

147.   Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes, in that the definition includes "an individual, association, corporation, joint apprenticeship committee, joint-stock company, labor union, legal representative, mutual company, partnership, receiver, trust, trustee in bankruptcy, or unincorporated organization; any other legal or commercial entity; the state; or any governmental entity or agency." § 760.02(6), Florida Statutes.

148.   At all times material herein, Defendant was and is an "employer" within the meaning of the FCRA. § 760.02(7), Florida Statutes.

149.   Defendant subjected Plaintiff to adverse employment actions in retaliation for filing a formal grievance regarding discrimination and harassment which included actively and systematically restricting her from performing her job duties, costing her income and future opportunities, and eventually terminating her employment.

150.   The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful retaliation.

151.   As her employer, Defendant was obligated to guard against the harassment, disparate treatment, discrimination, and retaliation of Plaintiff by her co-workers, supervisors, managers, and other agents of Defendant and to protect Plaintiff from harassment and discrimination in the workplace.

152.   Defendant violated the FCRA by, among other things, failing to promptly correct the harassment, disparate treatment, discriminatory and retaliatory conduct toward Plaintiff once it learned of it.

153.   Plaintiff, by being subjected to this harassment, disparate

treatment, discrimination, retaliation, and a hostile work environment created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

154. The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the harassment, disparate treatment, discrimination, and retaliation of Plaintiff, deprived her of statutory rights under the FCRA.

155. As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

WHEREFORE, the Plaintiff, MICHAELENE BRIGHT, requests trial by jury of all issues so triable as of right, demands judgment against the

Defendant, WASTE CONNECTIONS OF FLORIDA, INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by retaliating against Plaintiff based on her demands for assistance enforcing her reasonable accommodation by reducing her work hours, transferring her to numerous locations and terminating her employment;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of Defendant's retaliation against her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the retaliation she has endured;

C.    Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's retaliatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.    Award Plaintiff all other damages available under the FCRA,

including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.      Award Plaintiff pre- and post-judgment interest;

F.      Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.      Grant such other and further relief as this Court may deem equitable, just, and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Date this 24th day of June 2022.

/s/ Jason W. Imler, Esq
Jason W. Imler
Florida Bar No. 1004422
Brian T. Gruber, Esq.
Florida Bar No. 1027865
**Imler Law**
19409 Shumard Oak Dr., Unit 103
Land O' Lakes, Florida 34638
(P): 813-553-7709
Jason@ImlerLaw.com
Brian@ImlerLaw.com
Attorneys for Plaintiff